FILED
SUPERIOR COURT
OF GUAM

2025 OCT 27 AM 9: 49

CLERK OF COURT

BY:_____ JX _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DAVID WAATHDAD, ET AL., | **CIVIL CASE NO. <u>CV0735-18</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER DENYING MOTION TO ALTER TO AMEND THE ORDER FILED ON AUGUST 11, 2025** |
| CYFRED, LTD., | |
| Defendant. | |

In seeking to undo determinations by the Guam Supreme Court and this Court that Plaintiffs are not entitled to a setoff of debts, Plaintiffs contend this Court committed clear error in its August 11, 2025 Decision and Order Denying Plaintiffs' First Motion for Relief for Fraud Upon this Court. Plaintiffs had asked this Court to rule that Attorney Curtis Van de veld committed fraud upon the Court in failing to disclose a judgment owed to him by his client, Defendant Cyfred, Ltd., and that such judgment was relevant to the determination of whether Cyfred was insolvent. However, in its August 11 D&O, the Court primarily discussed that insolvency was one of several factors permitting setoff, as explained in the appellate decision for this case, *Waathdad v. Cyfred, Ltd.*, 2021 Guam 24. Because Plaintiffs did not satisfy the other factors, the Court decided it could not set aside the Judgment in favor of Cyfred.

In the present motion, Plaintiffs contend the Court completed an incomplete, and thus, clearly erroneous, analysis. The Court discusses herein why its determination was not in error.

ORIGINAL

## I.     FACTUAL AND PROCEDURAL BACKGROUND

A fuller background of this seven-year-old case is contained in *Waathdad*, 2021 Guam 24, and this Court's August 11 D&O. The Court briefly recaps those decisions.

In *Waathdad*, the Guam Supreme Court affirmed this Court's summary judgment ruling in favor of Cyfred and held that for Plaintiffs to claim a setoff relative to Cyfred, the debts must be liquidated, mutual, and non-contingent, and that no exceptions to setoff applied, such as the insolvency of the opposing party. *Id.* ¶ 26. Years after that opinion, Plaintiffs asked this Court to set aside the judgment due to fraud committed by Van de veld. In its August 11 D&O, this Court determined that even if fraud occurred, such a finding would not cure the unliquidated, non-mutual, and contingent nature of the debts. Nonetheless, the Court found that Plaintiffs did not demonstrate by clear and convincing evidence that Van de veld committed fraud. Dec. and Order Denying Pls.' First Mot. for Relief (Aug. 11, 2025).

Plaintiffs now move for relief under Guam Rule of Civil Procedure 59(e), claiming the Court committed clear error.

## II.     LAW AND DISCUSSION

Clear error occurs when a court fails to act rationally. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21. Moreover, Rule 59(e) relief is an "extraordinary remedy, to be used sparingly." *Id.*

Plaintiffs claim that this Court ignored its cited caselaw explaining that the setoff requirements that debt be liquidated, mutual, and contingent is excused when a party is insolvent. While the Court's decision did not address Plaintiffs' caselaw, the Court did not overlook Plaintiffs' arguments or authority. The Court takes this opportunity to explain why those cases lacked persuasive value.

ORIGINAL

Before examining those cases, the Court reiterates the purpose of mutuality. Because setoff involves balancing the debts owed between two parties, as the Guam Supreme Court stated, "applying setoff for non-mutual debts would be counterintuitive." *Waathdad*, 2021 Guam 24 ¶ 19. In a setoff situation, the parties owe debts to each other, and the party with the larger debt pays out the balance of the debts at the end. *Id.* ¶ 18. Within this case, the Guam Supreme Court found Plaintiffs' claim to lack mutuality.

> In their complaint, the Homeowners alleged they were owed attorney's fees
> and costs for *UPIC I* and *UPIC II*, and potential attorney's fees in CV0426-18.
> All these cases involve persons whose first lots had title issues, while this case
> involves persons affected by Cyfred's attempt to foreclose on the second lots.
> Though the groups have some overlap, there is not complete mutuality. And if
> the debts between two parties are not mutual, then setoff is inapplicable.

*Id.* ¶ 25.

The Court now turns to Plaintiffs' cases and starts with *North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co.*, 152 U.S. 596 (1894). The relevance of *North Chicago Rolling-Mill Co.* to this case is limited to its holding that the "insolvency of the party against whom the set-off is claimed is a sufficient ground for equitable interference." *Id.* at 616. In *Waathdad*, the Guam Supreme Court adopted an insolvency exception for unliquidated claims but declined to expand the exception to non-mutual claims, rejecting Plaintiffs' argument that *North Chicago Rolling-Mill Co.* supported such a reading: "the Homeowners incorrectly suggest the insolvency exception as explained in [*North Chicago Rolling-Mill Co.*] applies to non-mutual claims. . . . *North Chicago Rolling-Mill Co.* does not stand for this proposition." 2021 Guam 24 ¶ 27 n.14. This Court is not at liberty to consider an argument the Supreme Court has already dismissed and accordingly finds the Homeowners' discussion of *North Chicago Rolling-Mill Co.* unpersuasive.

Plaintiffs next cite four cases that they claim override the concern of non-mutuality. First, in *First National Bank of Indianola v. Malone*, 76 F.2d 251, 254 (8th Cir. 1935), the court



ORIGINAL

noted that "courts of equity frequently deviate from the strict rule of mutuality when the justice of the particular case requires it." *First National Bank of Indianola* involves just three parties—a husband (who had died), his widow, and a bank. The court allowed the bank's demand against a joint and several debt owed by the couple against a separate deposit account owed just by the husband. This small universe of debts among the three parties appears to justify why the rule of mutuality was excused; in fact, the wife was the sole beneficiary of the husband's estate.

In contrast, in this case, there are 33 plaintiffs seeking a setoff for a potential debt owed in a separation litigation, *Peter v. Gill*, CV0426-18, where there are 24 plaintiffs suing Cyfred plus two other persons not sued in this case. It's not the same small universe of related parties like in *First National Bank of Indianola*. For these reasons, the Court does not find *First National Bank of Indianola* helpful in overriding its prior decision, let alone the Guam Supreme Court's holding.

The same circumstance involving a limited universe of debts also exists in *People v. California Safe Deposit & Trust Co.*, 141 P. 1181, 168 Cal. 241 (Cal. 1914), which is the quoted authority attributed to the next case cited by Plaintiffs. Plaintiffs cite *FDIC v. Mademoiselle of California*, 379 F.2d 660, 664 (9th Cir. 1967) for the proposition that "[i]t is well settled that the insolvency of a party against whom a set-off is claimed constitutes a sufficient ground for the allowance of a set-off not otherwise available," but that quote is taken directly from *California Safe Deposit & Trust Co.* and is merely a recitation of a common exception to a general rule. Pls.' Mem. P. & A. in Supp. Mot. Relief for Fraud Upon This Ct. at 7 (May 31, 2024); 379 F.2d at 664 (quoting 141 P. 1181, 168 Cal. at 250). But here is exactly what *California Safe Deposit & Trust Co.* says: "While the respective demands may not be strictly mutual, they are very intimately connected; the claimant in effect owes the estate and the estate owes him; both



demands have relation to funds of the estate." 141 P. 1181, 168 Cal. at 251. Again, that case concerned a small contingency of parties and debts, unlike the situation here.

Plaintiffs' third case, *W.M. Kirkland, Inc. v. Providence Washington Insurance Co.*, 216 S.E.2d 518 (S.C. 1975), allowed a setoff despite there not being strict mutuality, though mutuality existed in the sense of subrogation. In *W.M. Kirkland, Inc.*, a subcontractor's employee negligently set fire to the owner's property. The owner's insurer paid the fire damage claim and was subrogated to the rights of the owner. Then the owner became insolvent. In the process of sorting out claims, the subcontractor attempted to offset its mechanic's lien against the property against a fire damage claim asserted against it, but encountered a challenge of competing with other claims. "[U]nder all the circumstances," the court recognized that the subcontractor could receive an offset. 216 S.E.2d at 521. "[T]he absence of strict mutuality does not prevent the allowance of equitable set-off where justice demands it and that the insolvency of a party against whom set-off is claimed is sufficient ground for equitable interference." *Id.* The court held it would be inequitable to allow the owner to collect the fire damage claim from the contractor when the contractor had improved the property and had a lien against the property, from which it could recoup only a small percentage due to the insolvency. Thus, the contractor was equitably entitled to a pro tanto offset, and any rights of the owner's insurer were subject to the contractor's right to setoff. *Id.* at 522. What this Court again gleans from this case is that equitable setoff was permitted under these particular circumstances despite the absence of strict mutuality because there was still a direct relationship between the primary parties, despite one party's debts being subject to subrogation. Again, *W.M. Kirkland, Inc.* concerns a specific event—a fire—where the parties involved all had direct contractual relationships with or through each other; that's not the case here.



Plaintiffs' final case again involves setoff among representatives of parties. *Cooper v. Fidelity Trust Co.*, 170 A. 726 (Me. 1934), concerns a bank being liquidated. The bank's conservator successfully petitioned for its stockholders to cover the bank's debts, though the shareholders were allowed a setoff from dividends owed to them. At particular issue was the setoff involving a singular stockholder—another insolvent financial institution. The conservator withheld the second insolvent financial institution's dividend since it appeared unlikely the stockholder would be able to pay its portion of the bank's debts. Notably, the reason mutuality did not exist in *Cooper* is because the stockholders were indebted to the bank's creditors as opposed to the insolvent bank itself. *Id.* at 729. The insolvency of the bank and the insolvency of the stockholder justified "equitable interference" by the court to excuse the general rule of strict mutuality. *Id.* at 730. Because *Cooper* involved the balancing of debts among insolvent parties, and the lack of mutuality is not comparable to this case, the Court does not find *Cooper* on point here.

Having now addressed why Plaintiffs' five cases are unpersuasive, the Court notes one last point about insolvency. In most of Plaintiffs' cases, the insolvency of one party was an overwhelming factor in the courts' determinations that equity needed to be done and strict mutuality excused. Insolvency was already established in those cases, meaning the other party had a diminished opportunity to collect their debt while still owing the insolvent side the full amount. These considerations just do not exist here, even if Cyfred was deemed insolvent. And to be clear, the August 11 D&O found that Plaintiffs have not demonstrated clear and convincing evidence that Van de veld committed a fraud upon the Court which would justify reconsidering Cyfred's solvent status. Even so, Plaintiffs have never described why Cyfred's alleged insolvency matters when it comes to the payment of their debt.



As a final point, there has been a development related to the nature of Cyfred's alleged debt to Plaintiffs (i.e., the claim for attorney's fees owed in CV0426-18). This Court, presiding over CV0426-18, has adjudicated all claims and found that the plaintiffs in CV0426-18 have not prevailed on any claims against Cyfred and the other defendants whereby Plaintiffs would receive a monetary judgment or attorney's fees. *Peter*, CV0426-18 (Judgment (Oct. 22, 2025)). In other words, even if a debt from Cyfred to Plaintiffs continues to exist somehow, it remains unliquidated at best. Liquidation, therefore, continues to prevent Plaintiffs from receiving a setoff.

To summarize the present situation, the Court returns to the words of the Guam Supreme Court: "the Homeowners' alleged setoffs are not just unliquidated, but also contingent and non-mutual, and they present no arguments or authority on how application of the insolvency exception in their favor would overcome these other barriers to setoff." *Waathdad*, 2021 Guam 24 ¶ 31. This same holding applies today.

## III.    CONCLUSION

The Court acted rationally when it issued its August 11 D&O. Its analysis remains correct and cannot be set aside.

**SO ORDERED, 26 October 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W.S. Wong, Law Offices of Wayson Wong, for Plaintiffs
Curtis C. Van de veld, the Vandeveld Law Offices, for Defendant Cyfred, Ltd.

ORIGINAL